815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Terry EPPERSOn, Lawrence Epperson, Madeline Epperson,
Kenneth Epperson, and Patsy D. Price, Plaintiffs-Appellants,
v.
Steve MULLINS, Larry Mullinex, Unknown Officers of the
Sullivan County Sheriff's Department, Patrick Howard,
Sheriff Mike Gardner, Damion Gordon, Raymond Kanipe, and
Bruce Bullis, Defendants-Appellees.
 No. 87-5052.
 United States Court of Appeals,
Sixth Circuit.
 March 17, 1987.
 
 Before LIVELY, Chief Judge, BOGGS, Circuit Judge, and CELEBREZZE, Senior Judge.
 
 ORDER
 
 1
 Appellees move to dismiss this appeal as being untimely filed. Appellants have responded thereto and argue that the appeal is timely.
 
 
 2
 The notice of appeal, filed January 9, 1987, indicates that appellants seeks appellate review of the district court's order of December 16, 1986. That order denied appellants' motion to dismiss, quashed certain subpoenas, denied appellants' motions for sanctions and to hold appellees in contempt and granted appellees' motion to dismiss Terry Epperson as counsel because he is not an attorney and because he was dismissed as a party by the district court's order of October 1, 1986. The district court's order of December 16, 1986, also denied Terry Epperson's motion to reconsider the order of October 1, 1986, dismissing him as a plaintiff.
 
 
 3
 Insofar as the order of December 16, 1986, denied Terry Epperson's motion to reconsider, it is a nonappealable order. Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, U.M.W., 484 F.2d 78 (6th Cir. 1983).
 
 
 4
 Because the remainder of the district court's order of December 16, 1986, is not a final appealable order within the meaning of 28 U.S.C. Sec. 1291, this appeal is dismissed for lack of jurisdiction. Catlin v. United States, 324 U.S. 229 (1945); Ford Motor Co. v. Transportation Indemnity Co., 795 F.2d 538 (6th Cir. 1986).